**Jose Juan De Dios ALVAREZ CASTANEDA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75277.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed May 9, 2007.

Iraj Shahrok, Esq., Law Office of Iraj Shahrok, Belmont, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Shahira M. Tadross, Michelle G. Latour, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Jose Juan de Dios Alvarez Castaneda seeks review of an order of the Board of Immigration Appeals affirming an immigration judge's ("IJ") order denying his application for cancellation of removal. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS,* 243 F.3d 510, 516 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that Alvarez Castaneda failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

Alvarez Castaneda's contention that the BIA violated his due process rights by disregarding his evidence of hardship to his elderly parents does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction."). Alvarez Castaneda's contention that the IJ was biased is not supported by the record.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.